**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLAN MAY,**
**MICHELLE MAY,**
                  **Plaintiffs,**

**-vs-**                                        **Case No. 6:03-cv-1832-Orl-DAB**

**NYGARD HOLDINGS LIMITED, d/b/a**
**Nygard Cay Bahamas, d/b/a NCBR,**
**NYGARD INTERNATIONAL**
**PARTNERSHIP,**
**NYGARD PROPERTIES, LTD, f/k/a**
**Nygard International, LTD,**
**PETER J. NYGARD,**
                  **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS AMENDED COMPLAINT (RENEWED) (Doc. No. 121)**
>
> **FILED:** March 28, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The Court asked for briefing of the forum non conveniens issue, in light of the parties' current status as non-residents of Florida. The parties ably complied, and the Court has reviewed the papers and the applicable law. With reluctance, the Court concludes that the motion must be **denied.**

A forum non conveniens analysis consists of two parts: first, a court must determine whether there exists an adequate alternative forum; next, the court must address and weigh certain private and

public interest factors, giving appropriate deference to Plaintiff's forum of choice. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235 (1981); *Gulf Oil Co. v. Gilbert,* 330 U.S. 501 (1947); *SME Racks, Inc. v. Valtec Information Systems, Inc.,* 382 F. 3d 1097 (11th Cir. 2004).

Both sides agree that the Bahamas is an adequate, available alternative forum for this case. As noted by Plaintiffs, however, a transfer to the Bahamas would serve to divest two United States citizens of access to United States courts. As set forth recently by the Eleventh Circuit:

> [I]n this Circuit we have long mandated that district courts " 'require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'"

*SME Racks, Inc., supra,* at 1101 (internal citations omitted).

Although the Court finds that several factors weigh in favor of transferring the case to the Bahamas,[1] and firmly believes that trial of this matter would be simpler for all concerned if it occurred in the Bahamas (due to the unique and numerous issues pertaining to Bahamian law and practice inherent in this case), the Court cannot conclude that *unusually extreme* circumstances are present, nor that it is "thoroughly convinced that material injustice is manifest" if trial were to proceed here. In view of this circuit's strong presumption in favor of upholding a domestic forum except in the most extreme cases, the Court has no choice but to deny the motion.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] These factors include the fact that a related action between these parties was first filed in the Bahamas and is currently pending there; the employment contract provides that Bahamian law applies; many of the witnesses necessary for the trial are located in the Bahamas; the majority of the wrongful acts complained of occurred in the Bahamas and involve issues of Bahamian employment law and customs; and Florida's connection to the dispute by comparison is minimal, at best.

Copies furnished to:
Counsel of Record