**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLAN MAY,**
**MICHELLE MAY,**

     **Plaintiffs,**

**-vs-**                   Case No. **6:03-cv-1832-Orl-DAB**

**NYGARD HOLDINGS LIMITED, d/b/a**
**Nygard Cay Bahamas, d/b/a NCBR,**
**NYGARD INTERNATIONAL**
**PARTNERSHIP,**
**NYGARD PROPERTIES, LTD, f/k/a**
**Nygard International, LTD,**
**PETER J. NYGARD,**

     **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, PETITION TO CERTIFY THE COURT'S MAY 18, 2005 ORDER FOR INTERLOCUTORY APPEAL (Doc. No. 130)**
>
> **FILED:** June 2, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

After careful review, the Court finds no basis to reconsider its earlier ruling. Similarly, the Court finds no grounds to certify its earlier Order for interlocutory appeal. Title 28 U.S.C. § 1292(b) provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is

>   substantial ground for difference of opinion and that an immediate
>   appeal from the order may materially advance the ultimate termination
>   of the litigation, he shall so state in writing in such order.

While the Court agrees with Defendants that review of a denial of transfer of the case on forum *non conveniens* grounds is available, *Ford v. Brown,* 319 F. 3d 1302, 1304 at fn. 2 (11th Cir. 2003), it concludes that such a review would be inappropriate in the context of this particular case, according to the above standard.  The legal standard set forth by the Eleventh Circuit with respect to forum non conveniens is well settled, as set forth in the Court's prior Order.  As such, there is no substantial ground for difference of opinion as to the controlling law.  Even if the Court were to reconsider its prior ruling in light of Defendants' evidence that Plaintiffs are not currently United States residents and may have been less than eager to file and pay their income taxes, controlling precedent requires "positive evidence of unusually extreme circumstances" and a showing of material injustice before a Court can exercise its discretion to oust a United States citizen from access to a United States court. *SME Racks, Inc. v. Valtec Information Systems, Inc.,* 382 F. 3d 1097, 1101 (11<sub>th</sub> Cir. 2004).  The fact that the Mays may not be model citizens does not vitiate the fact of their citizenship.  The Court declines to certify its order for interlocutory appeal.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' EXPEDITED MOTION FOR PROTECTIVE ORDER AND STAY OF THE CASE (Doc. No. 137)** |
| **FILED:** | **June 29, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The Case Management and Scheduling Order is modified as follows: all outstanding discovery shall be completed by July 18, 2005 and the dispositive motion deadline is extended until July 25, 2005.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record