# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALLAN MAY,**
**MICHELLE MAY,**

                 **Plaintiffs,**

**-vs-**                                           **Case No. 6:03-cv-1832-Orl-DAB**

**NYGARD HOLDINGS LIMITED, d/b/a**
**Nygard Cay Bahamas, d/b/a NCBR,**
**NYGARD INTERNATIONAL**
**PARTNERSHIP,**
**NYGARD PROPERTIES, LTD, f/k/a**
**Nygard International, LTD,**
**PETER J. NYGARD,**

                 **Defendants.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR ATTORNEY FEES (Doc. No. 181)** |
| **FILED:** | **October 3, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR RECONSIDERATION OR TO ALTER/AMEND (Doc. No. 183)** |
| **FILED:** | **October 3, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**. Rule 59(e) motions for reconsideration "are only granted in rare circumstances to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Altadis USA, Inc. v. NPR, Inc.*, 344 F. Supp. 2d 1349, 1358 (M.D. Fla. 2004) (citations omitted). Plaintiffs fail to satisfy this standard.

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (Doc. No. 184)** |
| **FILED:** | **October 5, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiffs brought suit asserting three causes of action: breach of contract, fraudulent inducement, and declaratory judgment. In its Order on the cross motions for summary judgment, the Court granted, in small measure, part of Plaintiffs' claims for breach of contract, and denied the remainder; denied the fraud claim in its entirety; and dismissed the declaratory judgment claim, in favor of resolution in the pending Bahamian litigation. Thus, Plaintiffs were partially successful on their breach of contract claims, and Defendants prevailed on the fraud count. As the dismissal on the declaratory judgment count was without prejudice to resolution in a different forum, neither party "prevailed" on that count.

With respect to the contract claims, as represented by the parties, Bahamian law[1] follows the English tradition in which the prevailing party recovers its costs (defined to include attorney's fees)

---

[1]The parties agree that Bahamian law controls as to the contract causes of action.

from the losing party.  At issue here is whether Plaintiffs can fairly be defined as the prevailing parties with respect to the contract claims.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the Supreme Court held that a plaintiff may be considered a prevailing party if the plaintiff succeeds on "any significant issue in the litigation which achieves some of the benefit the part[y] sought in bringing suit." Thus, a party need not prevail on every issue in order to be entitled to an award of attorney's fees and costs.  This is not to say, however, that such an award is automatic upon prevailing on *any* issue that results in *any* benefit, as the Supreme Court recognized in *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

In *Farrar*, the plaintiffs sought seventeen million dollars in compensatory damages at trial against multiple defendants for violations of constitutional rights, but recovered only nominal damages against one defendant.  Although the trial court awarded the plaintiffs $280,000.00 in fees under 42 U.S.C.A. § 1988, the Supreme Court affirmed the Fifth Circuit's reversal of the award.  *Id.* Justice Thomas, in the majority opinion, reiterated *Hensley's* holding that "the degree of the plaintiff's overall success goes to the reasonableness of a fee award" and confirmed that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* at 114, 113 S.Ct. at 574.  If a plaintiff's purpose is the recovery of damages, "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id.* at 114, 113 S.Ct. at 575.  If the amount and nature of damages awarded are small in comparison to what the plaintiffs sought, "the court may lawfully award low fees or no fees." *Id.* at 115, 113 S.Ct. at 575.  As the plaintiffs in *Farrar* had sought compensatory damages but, due to

their failure to prove an essential element of their claim, obtained only nominal damages, they were entitled to no fees at all. *Id.*

Justice O'Connor, concurring with Justice Thomas in the judgment, explained that, in her view, the plaintiffs were not entitled to fees because theirs was a purely technical or Pyrrhic victory. *Id.* at 117, 113 S.Ct. at 576. Justice O'Connor suggested three "indicia of success" factors that courts should consider in making the assessment as to whether a party prevailed sufficiently to warrant a fee award: (1) the difference between the amount recovered and the relief sought; (2) "the significance of the legal issue on which the plaintiff claims to have prevailed"; and (3) whether the litigation accomplished a "public goal." *Id.* at 121-22, 113 S. Ct. at 578-79.

As neither side has shown that Bahamian law differs regarding this definition of "prevailing party," the Court applies the *Farrar* analysis here. With respect to the first factor, Plaintiffs' breach of contract claims sought far greater damages than that ultimately awarded by the Court.[2] As Plaintiffs were only marginally successful on their contract claims as a whole, this factor counsels that Plaintiffs should recover only a marginal portion of the fees attributable to the contract claims.

Although Plaintiffs counsel has estimated the fees for prosecuting the contract claims to be in the range of $150,000.00, the Court notes that the contract claims were based on two separate theories, only one of which was successful: unpaid wages. In evaluating the second factor of the *Farrar* analysis, the Court notes that the vast majority of time spent by counsel was directed to the unsuccessful work permit issue; which was clearly the more significant issue to Plaintiffs.[3] With

---

[2]The Court awarded less than $1,000 in damages, per Plaintiff.

[3]Indeed, the unpaid wages issue represented scarcely over one page of Plaintiffs' motion for summary judgment (Doc. No. 149 at 13-14), and Plaintiffs cited no case authority on this issue. By contrast, the work permit issue permeated all of
(continued...)

respect to the unpaid wages issue, the facts were undisputed and the issue turned on a purely legal argument regarding construction of the contract language. Thus, while the issue of unpaid wages is significant, Plaintiffs victory on that point does not justify an award of fees for the entire contract claim.

As for the third factor, the litigation ultimately advanced no public goal. As noted by the Court previously, this was not a civil rights action, a *qui tam* claim, or other public interest suit. Plaintiffs sued in contract and tort for money damages, personal to these Plaintiffs. This factor, which is obviously more applicable in civil rights litigation, does not justify a greater fee here.

The Court concludes that Plaintiffs partial victory should be met with a partial award, commensurate with the relatively small amount of effort expended on this discrete issue, and small amount of the recovery itself. With respect to determining the amount of such an award, Plaintiffs assert that they are entitled to include time spent in attempting to determine the identity of their employer in the face of Defendants' shifting positions, an argument which the Court finds compelling, in view of the ambiguous state of the record.[4] As for Plaintiffs' final contention, that they are entitled to fees for time spent litigating to keep this matter in Florida before this Court, the Court is not convinced. While Plaintiffs were ultimately deemed entitled to prosecute this action here, that entitlement was not based in any way on the contracts, which contemplated performance in the Bahamas, provided by their terms that they were controlled by Bahamian law, and, indeed, were

---

[3](...continued)
Plaintiffs' filings, including the motion for reconsideration denied herein.

[4]As noted in the Order on summary judgment, the Court is still uncertain as to the identity of Plaintiffs' employer, due to the fluid nature of the Defendants' dealings with one another and the Plaintiffs. The Court directed that Plaintiff recover against the admitted employer, but determined that the liability of the other Defendants for unpaid wages remained for resolution. (Doc. No. 178). Upon defense counsel's representation that the unpaid wages will be paid, and Plaintiffs are only entitled to one recovery of their wages, resolution of this matter was deemed moot.

already the subject of a lawsuit pending in the Bahamas.  Simply put, Plaintiffs were entitled to fight to litigate here, but not at Defendants' expense.

The parties acknowledged that Bahamian law applied to the contract claims, but disagreed as to whether Bahamian law applied to the fraud claim.  Plaintiff contended that Florida law applied and sought punitive damages, available under Florida law but not Bahamian law.  Defendants contended that Bahamian law applied (in order to avoid the specter of punitive damages), but argued mostly Florida cases and authority regarding fraud in their summary judgment motion, including reliance on Florida's economic loss doctrine to bar the claim. While the Court found it unnecessary in its summary judgment Order to engage in a choice of law analysis, as Plaintiffs' case was not sustainable under either law, with respect to attorney's fees it is now necessary to make explicit what was implicit:  Plaintiffs' cause of action for fraud was brought (and considered by all of the parties and the Court) pursuant to Florida law.  Thus, the so-called American Rule [5] applies, and no attorney's fees are awardable to either side.

As for the declaratory judgment count, the Court declines to award costs or attorney's fees to either side.

The Defendants' motion for attorney's fees is **denied.**  The Plaintiffs' motion for attorney's fees is **granted, in part.**  Plaintiffs' counsel is directed to prepare and serve on Defendants, within 14 days of the date of this Order, an Affidavit reflecting a *reasonable* amount of time spent prosecuting the unpaid wages issue, including the time related to the identity of the employer issue, but not including any time spent on the jurisdictional issues.  Once the defense has received the

---

[5] *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

Affidavit, the parties shall confer in good faith to see if they are able to stipulate to a proposed judgment for fees and costs.  If  so, the parties are to notify the Court no later than November 25, 2005.  If not, counsel shall file the Affidavit and any objection by Defendants, and the Court will determine the matter and enter final judgment, consistent with the summary judgment Order, the stipulation of rate of interest (Doc. No. 182), and the Court's decision on the attorney's fee issue.

With respect to costs, Rule 54(d), Fed. R. Civ. P. provides, in part: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Here, neither side warrants the distinction of "prevailing party" with respect to the litigation as a whole. Thus, the Court declines to award costs.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2005.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-7-