**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLAN MAY,**
**MICHELLE MAY,**
                **Plaintiffs,**

**-vs-**                                    **Case No. 6:03-cv-1832-Orl-DAB**

**NYGARD HOLDINGS LIMITED, d/b/a**
**Nygard Cay Bahamas, d/b/a NCBR,**
**NYGARD INTERNATIONAL**
**PARTNERSHIP,**
**NYGARD PROPERTIES, LTD, f/k/a**
**Nygard International, LTD,**
**PETER J. NYGARD,**
                **Defendants.**
_____

## FINAL ORDER

This cause came on for consideration without oral argument for entry of final judgment, following the Court's rulings on cross summary judgment motions, and motions for entitlement to attorney's fees, and the parties' supplemental submissions (Doc. Nos. 178, 188, 189, and 191). The Court previously ruled that Plaintiffs are entitled to prevail against Defendant Nygard Holdings Limited in the amount of $929.00 each, on the breach of contract claims. The Court also held that Plaintiffs were entitled to interest and a modest attorney's fee, and directed the parties to confer and make additional submissions as to the amount.

*Interest*

Absent any objection or countervailing authority, the Court accepts Defendants' evidence that under Bahamian law, an award of pre-judgment interest from the date the lawsuit was filed until the date of judgment is discretionary, but "normally between 2 and 4%." (Doc. No. 182). The lawsuit

was filed in state court on November 26, 2003. Although an award is discretionary, the Court finds it appropriate to award interest of $60.00 on each recovery.

### *Attorney's Fees*

Plaintiffs seek an award of $83,000.00 in attorney's fees, contending that this "is a reasonable fee given the employer's pattern of not paying final wages to employees and given the efforts Plaintiffs had to engage in to obtain the necessary documents and other discovery information upon which the Court based its summary judgment." (Doc. No. 189). As set forth in the Order regarding entitlement to fees, Plaintiffs were only successful on their most modest claim, resulting in a recovery of under $1,000.00 each. No reasonable Plaintiff would agree to incur $83,000.00 in order to recover $929.00, and no reasonable attorney would expect to recover such a sum from the other side, even if success on the merits was guaranteed and attorney's fees were automatic. Indeed, no reasonable attorney would incur the hundreds of hours claimed on such a relatively small claim.

Plaintiffs have filed an Affidavit which claims various tasks and hours, but the Court finds the exhibit of little use. As acknowledged by Plaintiffs, "Said time was not easily segregated because the pleadings, filings, discovery and other events involved pertained to all three counts set forth in the Complaint." (Doc. No. 189 at 2).[1] Thus, the Court is left to its own devices to determine a reasonable fee for prosecuting an unpaid wages claim.

The Court takes judicial notice of the many cases in this district brought for unpaid wages pursuant to the Fair Labor Standards Act. In such cases, the sole issue is usually underpayment of wages, although occasionally issues as to the applicability of the Act or identity of the employer, as

---

[1] Note to Plaintiffs - there were *four* counts set forth in the Complaint (Doc. No. 2).

here, are raised. A review of recently decided cases reveals that successful Plaintiff's attorneys rarely recover an attorney's fee exceeding $3,500.00 for such cases when, as here, they are resolved prior to trial. The Court finds these cases to be apt examples of a reasonable fee for litigating a case for unpaid wages in federal court. Giving Plaintiffs the benefit of the higher end of the range of awards usually made in such cases, the Court awards **$3,500.00** in attorney's fees.

## *CONCLUSION*

The Clerk is directed to enter final judgments for each Plaintiff against Defendant Nygard Holdings Limited in the amount of $929.00 plus interest in the amount of $60.00 plus $1750.00 in attorneys' fees, for a total of $2739.00 each. These judgments will bear interest until paid in accordance with the law applicable to federal court judgments. As ruled previously, no costs are taxable to either side. The clerk is directed to close the file after entry of the judgments.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record