# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ALLAN MAY,**
**MICHELLE MAY,**

**Plaintiffs,**

**-vs-** **Case No. 6:03-cv-1832-Orl-DAB**

**NYGARD HOLDINGS LIMITED, d/b/a Nygard Cay Bahamas, d/b/a NCBR, NYGARD INTERNATIONAL PARTNERSHIP, NYGARD PROPERTIES, LTD, f/k/a Nygard International, LTD, PETER J. NYGARD,**

**Defendants.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FRAUD IN INDUCEMENT CLAIM (Doc. No. 207)** |
| **FILED:** | **March 30, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendants have made a cogent argument that summary judgment is appropriate. The Eleventh Circuit, however, has held that Plaintiffs' fraud in the inducement claim, to the extent it relies on misrepresentations regarding work permits, is actionable and cannot be resolved on summary judgment. This Court must, of course, follow the mandate of the appellate court. The motion is **denied**.

## *BACKGROUND*

Defendants note that the sole remaining issue[1] in this case is whether Plaintiffs were fraudulently induced to enter employment with Defendants by promises of work permits. This Court has previously ruled in Defendants' favor on this claim, but that ruling was reversed on appeal. As stated by the Eleventh Circuit:

> The Mays alleged that Defendants knowingly made false representations regarding the existence of a "blanket work permit" and the Defendants' intention to obtain work permits for the Mays. The Mays further allege that these misrepresentations convinced the Mays to contract for employment with Defendants. And, at the summary judgment stage, the Mays presented some evidence to support those allegations [appellate record citation omitted]. This is enough to survive a motion for summary judgment.

(Doc. No. 200 at 6).

Rejecting this Court's prior finding that Plaintiff's fraudulent inducement claim also failed for lack of proof of damages, the Eleventh Circuit noted that Plaintiffs had no obligation to present proof of damages at the summary judgment stage, and: "Moreover, the record contains some evidence that the Mays did incur damages as a result of their decisions to accept employment with Defendants, decisions that they alleged were procured through fraud. There is evidence that the Mays paid to break the lease on their apartment, store their personal effects, and travel to the Bahamas to work for Defendants." (Doc. No. 200 at 6).

Thus, the issue as framed by the appellate court is whether Plaintiffs were fraudulently induced to enter into the employment contracts by the representation of a "blanket work permit" and Defendants' intention to obtain a work permit and, if so, the measure of damages is limited to

[1]Defendants recently filed a motion to supplement the summary judgement record or to reopen discovery (Doc. No. 215). The issues and evidence raised in the motion, some of which may be probative to the matters remaining to be litigated, are not matters so clear as to provide support for a favorable summary judgment ruling. Accordingly, the motion to supplement or reopen is **DENIED.**

damages the Mays can prove were incurred as a result of their decision to accept employment, such as the amount paid to break the lease on their apartment, to store their personal effects and to travel to the Bahamas.

Defendants contend that the claim fails as a matter of law in that: 1) Plaintiffs cannot base a fraud in the inducement claim upon the alleged promise to perform a future act; 2) Plaintiffs did not justifiably rely upon the alleged representations about a blanket work permit; and 3) Plaintiffs are basing their fraud claim upon an alleged misrepresentation of law, not fact, which is not actionable under Florida law. Defendants also contend that by going to the Bahamas without a work permit, they ratified their agreement, thus waiving any right to damages. Finally, Defendants contend that the claim is barred by the clean hands doctrine.

## ***STANDARD OF REVIEW***

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. Pro. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

## *ANALYSIS*

The Court finds that Defendants' first contention (the claim is barred as it relies on a promise to act in the future) is foreclosed by the appellate decision in this case. The Eleventh Circuit has determined that the alleged false representations regarding the existence of a "blanket work permit" and the Defendants' intention to obtain work permits to be actionable for summary judgment purposes. The Court can only interpret this as a finding that allows Plaintiffs to attempt to prove at trial that, at the time the representations were made, Defendants knew they were false and had no present intention of performing in the future.

A similar finding is compelled as to Defendants' contention that Plaintiffs were not justified in relying on these alleged statements. Defendants made this argument to the Eleventh Circuit (*see* Appellees-cross appellants' brief at p. 57), and the appellate court implicitly rejected this contention by determining that the Mays presented sufficient evidence on the claim to proceed to trial.

As for the third contention, the Court is not persuaded that the representation that Defendants had or would obtain a work permit for the Mays was a misrepresentation of law, not fact. While the work permit was a legal requirement, the alleged misrepresentation was not directed to the *existence* of the requirement (such as "You don't need a work permit to work in the Bahamas") but to whether or not the required permit would be provided by Defendants (*i.e.*, "You do need a work permit and I will provide you one"). The existence of the *permit* as opposed to the existence of the *requirement* for a permit is a representation of fact.

The Court is also not persuaded by Defendants' assertion that the ratification of the employment agreements bars the fraud claim, citing *Mazzoni Farms, Inc. v. E.I. DuPont DeNemours & Co.*, 761 So. 2d 306 (Fla. 2000). In that case, the Florida Supreme Court, answering certified questions, stated: "It is axiomatic that fraudulent inducement renders a contract voidable, not void.

[citation omitted]. Consistent with the majority view, Florida law provides for an election of remedies in fraudulent inducement cases: rescission, whereby the party repudiates the transaction, or damages, whereby the party ratifies the contract [citation omitted]." *Id.* at 313. From this, Defendants contend that Plaintiffs acceptance of the contract (by traveling to the Bahamas and working for Defendants without work permits) ratified it, and limited Plaintiffs to only contract damages. This interpretation is in error.

As the Eleventh Circuit stated, fraudulent inducement is a claim independent of breach of contract, requiring proof of facts separate and distinct from that required to show breach of contract (Doc. No. 200 at 6, *citing HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996). Florida courts (and federal cases interpreting Florida law) hold that one can sue for breach of contract *and* fraudulent inducement to enter the very same contract, and obtain two recoveries. *See Williams v. Peak Resorts, Int'l*, 676 So. 2d 513 (Fla. 5th DCA. 1996); *Harbaugh v. Greslin*, 2004 U.S. Dist. LEXIS 28598 (S.D. Fla. 2004); *Ashland Oil, Inc. v. Pickard*, 269 So. 2d 714 (Fla. 3rd DCA 1972); *Connecticut General Life Insurance v. Jones*, 764 So. 2d 677 (Fla. 1st DCA 2000). While the Court finds this to be illogical on the facts presented here, the mandate in this case is clear. This contention, too, must fail.

Defendants' last contention is that the doctrine of unclean hands bars Plaintiffs' claim, as both Plaintiffs lied about their qualifications on their resumes. This contention has considerable appeal. As this Court noted in prior Order, the lies were not trivial. The Declaration of Peter J. Nygard (Doc. No. 207-3), if credited, establishes that had he known of the resume fraud, he would not have offered employment contracts to either of the Mays. Plaintiffs do not dispute this, but contend that the doctrine of unclean hands lies solely in equity and this is an action at law. The Mays also contend that even if unclean hands is a defense, the inaccuracies in the resumes "did not cause redressable injury

to Defendants because the evidence shows that [the Mays] were performing above expectations." Thus, Plaintiffs contend: 1) unclean hands defense is inapplicable and 2) even if applicable, the Mays eventually performed sufficiently to somehow wash the taint from their hands. For the reasons set forth herein, the Court finds that Florida law *does* provide for the defense in this factual situation and the Mays' subsequent performance is irrelevant. Thus, matters of Defendants' alleged fraudulent inducement and its relationship to Plaintiffs' own misstatements must be analyzed together in light of the actual trial. The degree and significance of *relevant* misconduct from both sides will be assessed in light of the overall circumstances of the negotiation of the employment relationship.

The Mays cite several cases from various jurisdictions for the principle that "unclean hands" is a doctrine applicable only to suits in equity. The law in Florida, however, has long recognized application of the underlying principle to bar *all* relief, based on a plaintiff's own involvement in fraud:

> It is a well-settled principle of law requiring little discussion that one who himself engages in a fraudulent scheme, that is, acts in pari delicto, may forfeit his right to any legal remedy against a co-perpetrator. *Goldring v. Johnson*, 65 Fla. 381, 62 So. 212 (1913); *Horjales v. Loeb*, 291 So.2d 92 (Fla. 3d DCA 1974); *Frye v. Taylor*, 263 So.2d 835 (Fla. 4th DCA 1972).

*Kulla v. E.F. Hutton & Co., Inc*. 426 So.2d 1055, 1057 (Fla. 3rd. DCA 1983).

> In pari delicto means "in equal fault." Black's Law Dictionary 806 (8th ed.2004). The phrase appears in the legal maxim: "Where both parties are equally in the wrong, the position of the defendant is the stronger." [Footnote omitted] *Id*. at 1725, appendix B. "In pari delicto refers to the plaintiff's participation in the same wrongdoing as the defendant." *Memorex Corp. v. Int'l Bus. Machs. Corp*., 555 F.2d 1379, 1382 (9th Cir.1977). The defense of in pari delicto "is both an affirmative defense and an equitable defense. Broadly speaking, the defense prohibits plaintiffs from recovering damages resulting from their own wrongdoing." *Nisselson v. Lernout*, 469 F.3d 143, 151 (1st Cir.2006); *see also Hall v. Hall*, 93 Fla. 709, 112 So. 622, 628 (Fla.1927) (referring to " 'the universal rule of our law that one in a court of justice cannot complain ... of another's wrong whereof he was a partaker' ") (quoting Bishop, Marriage and Divorce, § 1548).

*O'Halloran v. PricewaterhouseCoopers LLP* 2007 WL 1296027, 4 (Fla.. 2nd DCA 2007) (slip opinion).

Thus, the affirmative defense of in pari delicto is available to bar legal remedies where both parties are equally in the wrong. *See also Turner v. Anderson*, 704 So.2d 748 (Fla. 4th DCA 1998) (Client's perjury in arbitration proceeding barred him from suing his counsel for damages for advising him to commit perjury, since client was in pari delicto); *Horjales v. Loeb,* 291 So.2d 92, 93 (Fla.3rd DCA 1974) ("One who engages in a fraudulent scheme forfeits all right to the prosecution of a law suit." [internal citations omitted]).

Even if the parties did not participate in the *same* wrong, Florida also follows a general principle that "[n]o one shall be permitted to profit by his own fraud, or take advantage of his own wrong, or found any claim upon his own iniquity, or profit by his own crime."*Ashwood v. Patterson*, 49 So.2d 848, 850 (Fla.1951); *see also Jaffe v. Snow*, 610 So. 2d 482, 487 (Fla. 5th DCA 1992) (wife's suit to enforce judgment against company which had forcibly returned husband to Florida after he jumped bail was barred: "Two wrongs do not make a right and neither wrongdoer should profit.") Here, it is established that Plaintiffs themselves initiated and engaged in wrongdoing similar to that of which they now complain: knowing misrepresentations of fact in order to obtain an employment contract. Indeed, had Plaintiffs not initiated and engaged in the fraud, it is uncontradicted (on this record) that no employment contract would have been offered and no damages would have ensued to Plaintiff. This does not end the analysis, however.

In determining whether to apply the doctrine of in pari delicto to a given case, "a court first determines whether plaintiff's guilt is far less in degree than defendant's, so as to make the doctrine inapplicable. If plaintiff's guilt is not far less, the court inquires if applying the doctrine would be contrary to public policy. " *Turner v. Anderson*, 704 So.2d 748, 750 (Fla. 4th DCA 1998) (quoting

*Feld and Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot*, 312 Pa.Super. 125, 458 A.2d 545 (1983)). Applied here, while the Mays' misconduct is established, genuine issues of fact preclude any finding with respect to the existence or extent of Defendants' wrongdoing. The Court cannot presently evaluate whether the wrongdoing of the Mays (making knowing false representations of fact in order to secure the employment contract) is equal to the alleged wrongdoing of the Defendants (making knowing false representations of fact in order to secure the same employment contract). As the appellate court has mandated that Plaintiffs be allowed to try to establish Defendants' liability at trial, any such weighing of relative wrongs, and analysis of whether any public policy precludes application of the doctrine to bar Plaintiffs' recovery, must necessarily await that determination through trial.

Plaintiffs' subsequent conduct on the job is irrelevant. The Mays have sued for wrongdoing *prior* to the entering of the contract. The Plaintiffs' own wrongdoing occurred *prior* to entering the contract. Subsequent events and performance do not affect the analysis of the formation of the contract.

## ***CONCLUSION***

The motion is **denied.** The claim, as defined and limited above, will proceed to trial, with the defense of in pari delicto/no profit from one's own fraud also an issue.

**DONE** and **ORDERED** in Orlando, Florida on July 20, 2007.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record